*Attorney(s): PELLETTIERI, RABSTEIN AND ALTMAN*
*Office Address & Tel. No.: 100 Nassau Park Blvd., Suite 111, CN 5301, Princeton, NJ 08543-5301, (609) 520-0900*
*Attorney(s) for Plaintiff(s)*

| | |
|---|---|
| *MARTIN KRATZ, EXECUTOR for the Estate of GLADYS KRATZ, Deceased, and MARTIN KRATZ, individually,*<br><br>    *Plaintiff(s)*<br><br>*vs.*<br><br>*LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, et als,*<br><br>    *Defendant(s)* | *SUPERIOR COURT OF NEW JERSEY*<br>*LAW DIVISION – ATLANTIC COUNTY*<br>*DOCKET NO.: ATL-L-615-15*<br><br>    *Civil Action*<br><br>    **SUMMONS** |

**From the State of New Jersey, to The Defendant(s) Named Above:**

**REVERA HEALTH SYSTEMS**

   *The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625.  A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.*

   *If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.*

   *If you cannot afford an attorney, you may call the Legal Services Office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.*

*Dated: 3/25/15*

                               */s/ Elizabeth Ann Strom*
                               *SUPERIOR COURT CLERK*

*Name of Defendant to be served:*     *Revera Health Systems*
*Address for Service:*                 *538 Preston Ave., Suite 270*
                                       *Meriden, CT  06450*


**\*\* $105.00 FOR CHANCERY DIVISION CASES OR $110.00 FOR LAW DIVISION CASES**

03-25-'15 13:30 FROM- PR&A     1-609-452-8796     T-579  P0005/0020 F-434

**Atlantic County Civil Court Building**
1201 Bacharach Boulevard
Atlantic City, NJ 08401
609-345-6700
Lawyer Referral Service
609-345-3444

**Bergen County Justice Center**
10 Main Street
Hackensack, NJ 07601
201-527-2700
Lawyer Referral Service
201-488-0044

**Burlington County Court Facility**
49 Rancocas Road
Mount Holly, NJ 08060
609-518-2600
Lawyer Referral Service
609-261-4862

**Camden County Hall of Justice**
101 South Fifth Street
Camden, NJ 08103
856-379-2200
Lawyer Referral Service
856-964-4520

**Cape May County Courthouse**
9 North Main Street
Cape May Court House, NJ 08210
609-465-1000
Lawyer Referral Service
609-463-0313

**Cumberland County Courthouse**
Broad & Fayette Streets
Bridgeton, NJ 08302
856-451-8000
Lawyer Referral Service
856-692-6207

**Essex County Veterans Courthouse**
50 West Market Street
Newark, NJ 07102
973-693-5701
Lawyer Referral Service
973-622-7753

**Hunterdon County Courthouse**
65 Park Avenue
Flemington, NJ 08822
908-237-5800
Lawyer Referral Service
908-735-2611

**Gloucester County Courthouse**
1 North Broad Street
Woodbury NJ 08096
856-853-3200
Lawyer Referral Service
Justice Complex, P.O. Box 338
Woodbury NJ 08096
856-848-4589

**Hudson County Administration Building**
595 Newark Avenue
Jersey City, NJ 07306
201-795-6000
Lawyer Referral Service
201-798-2727

**Mercer County Courthouse**
209 South Broad Street
Trenton, NJ 08650
609-571-4000
Lawyer Referral Service
609-585-6200

**Middlesex County Courthouse**
56 Paterson Street
New Brunswick, NJ 08903-0964
732-519-3200
Lawyer Referral Service
732-828-0053

**Monmouth County Courthouse**
71 Monument Park
Freehold, NJ 07728-1266
732-677-4300
The Lawyer Referral Service
732-431-5544

**Morris County Courthouse**
Washington & Court Streets
Morristown, NJ 07963-0910
973-656-4000
Lawyer Referral Service
973-267-5882

**Ocean County Courthouse**
118 Washington Street
Toms River, NJ 08754
732-244-2121
Lawyer Referral Service
732-240-3666

**Salem County Courthouse**
92 Market Street
Salem, NJ 08079
856-935-7510
Lawyer Referral Service
856-935-5629

**Passaic County Court House**
77 Hamilton Street
Paterson, NJ 07505-2017
973-247-8000
Lawyer Referral Service
973-278-9223

**Somerset County Courthouse**
North Bridge Street
Somerville, NJ 08876-1262
908-231-7191
Lawyer Referral Service
908-685-2323

**Sussex County Judicial Center**
43-47 High Street
Newton, NJ 07860
973-579-0675
Lawyer Referral Service
973-267-5882

**Union County Courthouse**
2 Broad Street
Elizabeth, NJ 07207
908-659-4600
Lawyer Referral Service

908-353-4715

**Warren County Courthouse**
413 Second Street
Belvidere, NJ 07823
908-475-6161
Lawyer Referral Service
973-267-5882

Case 1:15-cv-02906-JS Document 1-1 Filed 04/23/15 Page 3 of 18 PageID: 8

PELLETTIERI, RABSTEIN AND ALTMAN
Sherri L. Warfel, Esquire
Attorney ID# 015181998
100 Nassau Park Boulevard, Suite 111
Princeton, New Jersey 08543-5301
(609) 520-0900
Attorneys for Plaintiff

FILED

MAR 1 2 2015

| | |
|---|---|
| MARTIN KRATZ, EXECUTOR For the Estate of GLADYS KRATZ, Deceased, and MARTIN KRATZ, individually, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - ATLANTIC COUNTY DOCKET NO.: ATL-L- 6/5-15 |
|     Plaintiff, | CIVIL ACTION |
| v. | |
| LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC, INC. (1-10); JOHN DOE, (1-10) and JANE DOE, R.N. (1-10) said names, ABC, Inc. John Doe and Jane Doe, being fictitious, jointly, individually, and in the alternative | COMPLAINT AND JURY DEMAND |
|     Defendants. | |

Plaintiff, MARTIN KRATZ, as Executor of the Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, residing at 244 Leedom Way, in the Township of Newtown, County of Bucks and State of Pennsylvania, by way of complaint against the defendants says:

## FIRST COUNT

1.    At all times relevant hereto, Defendant, LINWOOD CARE CENTER, is a company and/or corporation in the business of caring for the elderly and infirm, with a principal place of business located at 201 New Road, in the City of Linwood, County of Atlantic and State of New Jersey.

2.     At all times relevant hereto, Defendant, LINWOOD CARE CENTER, held itself out as a specialty facility in the field of nursing care, with expertise necessary to maintain the health and safety of persons unable to care adequately for themselves. In addition, Defendant held itself out to the public to possess physicians, nurses, staff, employees and/or agents with sufficient knowledge, training, skill and expertise to make, furnish and provide proper medical care, diagnosis, examination, and treatment for valuable consideration.

3.     At all times relevant hereto, Defendant, REVERA HEALTH SYSTEMS, is a company and/or corporation in the business of caring for the elderly and infirm, with a corporate office located at 538 Preston Avenue, Suite 270, in the City of Meriden and State of Connecticut. Defendant, REVERA HEALTH SYSTEMS, maintains several principal places of business in the State of New Jersey, including Defendant, LINWOOD CARE CENTER, amongst others located in the cities of Toms River, Passaic, Brick, Williamstown, Neptune, Wayne, Whiting and Somerset.

4.     At all times relevant hereto, Defendant, REVERA HEALTH SYSTEMS, held itself out as a specialty facility in the field of nursing care, with expertise necessary to maintain the health and safety of persons unable to care adequately for themselves. In addition, Defendant held itself out to the public to possess physicians, nurses, staff, employees and/or agents with sufficient knowledge, training, skill and expertise to make, furnish and provide proper medical care, diagnosis, examination, and treatment for valuable consideration.

5.     At all times relevant hereto, defendants JOHN DOE (1-10), JANE DOE RN (1-10), and ABC, INC. (1-10), said names John Doe, Jane Doe and ABC, Inc., being fictitious, individually and/or as agents, servants, or employees of LINWOOD CARE

2

CENTER and/or REVERA HEALTH SYSTEMS, were and are duly licensed in the medical field to care for the Plaintiff, holding themselves out to the public to possess sufficient knowledge, training, skill and expertise to make, furnish and provide proper medical care, diagnosis, examination, and treatment for valuable consideration. Said names are fictitious, real names unknown, and are descriptive of those individual medical professionals who may have been involved in the Plaintiff's medical care, diagnosis, examination, rehabilitation and treatment and whose names are not legible, decipherable, or clear, and whose involvement is not presently discoverable, known, or clearly set forth in the treatment records of Plaintiff.

6.     On or about April 1, 2013, Plaintiff's decedent, GLADYS KRATZ, began a course of medical treatment during which she developed a post-surgical infection which progressed while she was a patient at defendants facilities resulting in great pain, suffering and disability, and which ultimately contributed to her death in August 2013.

7.     All of the aforementioned defendants were negligent and careless in providing care and treatment to Plaintiff's decedent.

8.     As a direct and proximate cause of the negligence of Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC (1-10), JOHN DOE (1-10), and JANE DOE, RN (1-10), said names ABC, Inc., John Doe and Jane Doe being fictitious, individually and/or as agents, servants, or employees of LINWOOD CARE CENTER and/or REVERA HEALTH SYSTEMS, Plaintiff's decedent, GLADYS KRATZ, suffered from a post-surgical infection while a patient at Defendants' facilities resulting in great pain, suffering, disability, and ultimately contributing to her death in August 2013.

**WHEREFORE**, Plaintiff, MARTIN KRATZ, Executor For The Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, demands judgment against the

3

Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC, INC. (1-10), JOHN DOE (1-10) and/or JANE DOE, RN, (1-10), said names ABC, Inc, John Doe and Jane Doe, RN, being fictitious, either jointly, severally, or in the alternative, for damages together with interests and costs of suit.

### SECOND COUNT

1.     Plaintiff, MARTIN KRATZ, as Executor of the Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, repeats and realleges each and every paragraph of the First Count and makes the same a part hereto by reference therein.

2.     At all times relevant hereto, Plaintiff's decedent, GLADYS KRATZ, came under the care and/or treatment of the Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC, INC. (1-10), JOHN DOE (1-10) and JANE DOE, RN (1-10), said names ABC, Inc., John Doe and Jane Doe being fictitious, individually and/or as agents, servants, or employees of defendants.  Said defendants undertook and accepted the conditions and representations aforesaid to render and provide medical care to plaintiff for certain medical conditions.

3.     The above named defendants were negligent and deviated from the appropriate standard of care or standard medical practice; were careless and failed to exercise the degree of knowledge, training, skill and expertise they were held out to possess; failed and neglected to heed the signs and symptoms that Plaintiff's decedent was exhibiting in the course of treatment; failed to administer and perform proper treatment necessary to safely and effectively treat Plaintiff's decedent's condition; failed to otherwise exercise due, proper and reasonable care in the treatment, care, rehabilitation, and convalescence of Plaintiff's decedent, and were otherwise careless and negligent in the medical care of Plaintiff's decedent.

4

4.    As a direct and proximate result of the negligence of Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC (1-10), JOHN DOE (1-10) and JANE DOE, RN (1-10), said names ABC, Inc., John Doe and Jane Doe being fictitious, individually and/or as agents, servants, or employees of defendants, Plaintiff's decedent, GLADYS KRATZ, suffered from a post-surgical infection which progressed while she was a patient at Defendants' facilities resulting in great pain, suffering, disability, and ultimately contributing to her death in August 2013.

WHEREFORE, Plaintiff, MARTIN KRATZ, Executor For The Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, demands judgment against the Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC, INC. (1-10), JOHN DOE (1-10) and/or JANE DOE, RN, (1-10), said names ABC, Inc, John Doe and Jane Doe, RN, being fictitious, either jointly, severally, or in the alternative, for damages together with interests and costs of suit.

## THIRD COUNT

1.    Plaintiff, MARTIN KRATZ, as Executor of the Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ individually, repeats and realleges each and every paragraph of the First and Second Counts and makes the same a part hereto by reference therein.

2.    At all times relevant hereto, the negligence of Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC (1-10), JOHN DOE (1-10) and JANE DOE, RN (1-10), said names ABC, Inc., John Doe and Jane Doe being fictitious, individually and/or as agents, servants, or employees of defendants, included but is not limited to the following:  failure to provide adequate and qualified staff to care for patient; failure to establish and implement an appropriate plan of care; failure to appreciate

medical conditions, signs and symptoms and treat them appropriately; failure to provide treatment to the patient that was within the applicable standard of care; failure to provide care pursuant to proper policies and procedures; failure to provide care in accordance with all State and Federal guidelines, rules, regulations and/or statutes governing such care of a patient, such as Plaintiff's decedent, at such a facility.

3.    As a direct and proximate cause of Defendants' negligence, as well as that of its agents, officers, servants and/or employees, Plaintiff's decedent, GLADYS KRATZ, suffered from a post-surgical infection which progressed while she was a patient at Defendants' facilities resulting in great pain, suffering, disability, and ultimately contributing to her death in August 2013.

WHEREFORE, Plaintiff, MARTIN KRATZ, Executor For The Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, demands judgment against the Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC, INC. (1-10), JOHN DOE (1-10) and/or JANE DOE, RN, (1-10), said names ABC, Inc, John Doe and Jane Doe, RN, being fictitious, either jointly, severally, or in the alternative, for damages together with interests and costs of suit.

## FOURTH COUNT

1.    Plaintiff, MARTIN KRATZ, as Executor of the Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, repeats and realleges each and every paragraph of the first Three Counts and makes the same a part hereto by reference therein.

2.    At all times relevant hereto, the Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC (1-10), JOHN DOE (1-10) and JANE DOE, RN (1-10), said names ABC, Inc., John Doe and Jane Doe being fictitious, individually and/or

6

as agents, servants, or employees of Defendants, violated regulations which establish a minimum standard of care to be followed by such defendants in the care of patients, such as Plaintiff's decedent, including, but not limited to regulations set forth in 42 C.F.R. § 483 et. seq.

3.      As a result of said violations by the Defendants, Plaintiff asserts a claim for negligence per se claiming that as a matter of law, the conduct of the Defendants amounted to negligence.

4.      As a direct and proximate cause of Defendants' negligence as aforesaid, Plaintiff's decedent, GLADYS KRATZ, suffered from a post-surgical infection which progressed while she was a patient at defendants facilities resulting in great pain, suffering, disability, and ultimately contributing to her death in August 2013.

WHEREFORE, Plaintiff, MARTIN KRATZ, Executor For The Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, demands judgment against the Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC, INC. (1-10), JOHN DOE (1-10) and/or JANE DOE, RN, (1-10), said names ABC, Inc, John Doe and Jane Doe, RN, being fictitious either jointly, severally, or in the alternative, for damages together with interests and costs of suit.

### FIFTH COUNT

1.      Plaintiff, MARTIN KRATZ, as Executor of the Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ individually, repeats and realleges each and every paragraph of the first Four Counts and makes the same a part hereto by reference therein.

2.      At all times relevant hereto, the Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC (1-10), JOHN DOE (1-10) and JANE DOE, RN (1-

7

10), said names ABC, Inc., John Doe and Jane Doe being fictitious, individually and/or as agents, servants, or employees of defendants, violated provisions of N.J.S.A. 30:13, which establishes the minimum standard of care required of Defendants in treating patients, such as Plaintiff's decedent.

3.      As a result of said violations by the Defendants, the Plaintiff, MARTIN KRATZ as Executor of the Estate of GLADYS KRATZ, deceased, and MARTIN KARTZ individually, asserts a claim for negligence per se claiming that as a matter of law, the conduct of the defendants amounted to negligence.  Plaintiff further asserts a claim to recover reasonable attorney fees pursuant to the above statutory provisions.

4.      As a direct and proximate cause of defendants' negligence as set forth above, Plaintiff's decedent, GLADYS KRATZ, suffered severe and serious personal injury, was forced to endure great physical pain and mental anguish, and became liable for extensive expenses for medical and hospital care and treatment.

WHEREFORE, Plaintiff, MARTIN KRATZ, Executor For The Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, demands judgment against the Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC (1-10), JOHN DOE (1-10) and JANE DOE, RN (1-10), said names ABC, Inc., John Doe and Jane Doe being fictitious, either jointly, severally, or in the alternative, for damages together with interests and costs of suit.

## SIXTH COUNT

1.      Plaintiff, MARTIN KRATZ, as Executor of the Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, repeats and realleges each and every paragraph of the first Five Counts and makes the same a part hereto by reference therein.

8

2.      Plaintiff's decedent, GLADYS KRATZ, suffered from a post-surgical infection which progressed while she was a patient at Defendants' facilities. As a result of Defendants' negligence, Plaintiff's decedent was forced to endure great pain, suffering and disability, which ultimately contributed to her death in August 2013.

3.      Pursuant to current Medicare / Medicaid guidelines, a serious injury such as avoidable post-surgical infections should not occur in a facility such as LINWOOD CARE CENTER and/or REVERA HEALTH SYSTEMS. A serious injury from negligence is considered a never event, or an event that should never occur in such a facility or healthcare setting.

WHEREFORE, Plaintiff, MARTIN KRATZ, Executor For The Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, demands judgment against the Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC (1-10), JOHN DOE (1-10) and JANE DOE, RN (1-10), said names ABC, Inc., John Doe and Jane Doe being fictitious, either jointly, severally, or in the alternative, for damages together with interests and costs of suit.

## SEVENTH COUNT

1.      Plaintiff, MARTIN KRATZ, as Executor of the Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, repeats and realleges each and every paragraph of the first Six Counts and makes the same a part hereto by reference therein.

2.      Plaintiff's decedent suffered pain and premature death due to the negligence of the Defendants, and left surviving her those who suffered loss by her wrongful death as a result of Defendants' negligence.

9

3.      This action is brought within the time constraint pursuant to statutes in such cases made and provided, including N.J.S.A. 2A:31-1, et. seq. Wrongful Death Act and N.J.S.A. 2A:15-3, et. seq. Survivorship Statute.

WHEREFORE, Plaintiff, MARTIN KRATZ, Executor For The Estate of GLADYS KRATZ, deceased, and MARTIN KRATZ, individually, demands judgment against the Defendants, LINWOOD CARE CENTER, REVERA HEALTH SYSTEMS, ABC (1-10), JOHN DOE (1-10) and JANE DOE, RN (1-10), said names ABC, Inc., John Doe and Jane Doe being fictitious, either jointly, severally, or in the alternative, for damages together with interests and costs of suit.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury as to all issues.

PELLETTIERI RABSTEIN & ALTMAN
Attorneys for plaintiff

SHERRI L. WARFEL, ESQUIRE

**NOTICE OF DESIGNATION OF TRIAL COUNSEL**

Plaintiff hereby designates, Sherri L. Warfel, Esq., as trial counsel for the within matter.

PELLETTIERI RABSTEIN & ALTMAN
Attorneys for plaintiff

SHERRI L. WARFEL, ESQUIRE

10

## CERTIFICATION PURSUANT TO R. 4:5-1

To the best of my knowledge, information and belief, there is no other action pending about the subject matter of this Complaint in the Superior Court of New Jersey, Law Division, Atlantic County. Additionally, there are no other persons known to me at this time who should be added to this matter, nor are there any other actions contemplated. I hereby certify that the foregoing statements made by me are true to the best of my knowledge. I hereby certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

PELLETTIERI RABSTEIN & ALTMAN
Attorneys for plaintiff

_____
SHERRI L. WARFEL, ESQUIRE

## DEMAND FOR ANSWERS TO FORM C INTERROGATORIES

Pursuant to R. 4:17-1, Plaintiffs hereby demand that each defendant herein supply answers to Form C interrogatories within 60 days of service of the summons and complaint herein.

PELLETTIERI RABSTEIN & ALTMAN
Attorneys for plaintiff

_____
SHERRI L. WARFEL, ESQUIRE

11

## DEMAND FOR AFFIDAVIT OF MERIT

Pursuant to N.J.S.A. 2A:53A-26, et seq., the Plaintiffs hereby demand that any defendant herein who files a cross claim against any other defendant supply an Affidavit of Merit within 60 days after service of their answers, and serves same upon Plaintiffs.

PELLETTIERI RABSTEIN & ALTMAN
Attorneys for plaintiff

_____
SHERRI L. WARFEL, ESQUIRE

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, Plaintiffs hereby demand that each defendant herein supply copies of all medical and/or hospital records, charts, x-rays and any other films, documents, memos, and reports pertaining to Plaintiff's decedent within 30 days from the service of this summons and complaint. This date cannot be extended as this material is needed in order for plaintiffs to comply with the Affidavit of Merit statute.

PELLETTIERI RABSTEIN & ALTMAN
Attorneys for plaintiff

_____
SHERRI L. WARFEL, ESQUIRE

Dated: March 11, 2015

12

03-25-'15 13:33 FROM- PR&A          1-609-452-8796          T-579   P0018/0020 F-434

## Appendix XII-B1



**CIVIL CASE INFORMATION STATEMENT (CIS)**

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1

**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

| | |
|---|---|
| **FOR USE BY CLERK'S OFFICE ONLY** | |
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

**ATTORNEY / PRO SE NAME**
Sherri L. Warfel, Esquire

**TELEPHONE NUMBER**
(609) 520-0900

**COUNTY OF VENUE**
Atlantic

**FIRM NAME** (if applicable)
Pellettieri, Rabstein and Altman

**DOCKET NUMBER** (when available)
ATL-L-

**OFFICE ADDRESS**
100 Nassau Park Blvd., Suite 111
Princeton, New Jersey 08540

MAR 12 2015

**DOCUMENT TYPE**
Complaint

**JURY DEMAND**   ☒ YES   ☐ No

**NAME OF PARTY** (e.g., John Doe, Plaintiff)
Martin Kratz, Administrator of the Estate of Gladys Kratz, Plaintiff

**CAPTION**

Kratz v. Linwood Care Center

**CASE TYPE NUMBER**
(See reverse side for listing)
604

**HURRICANE SANDY RELATED?**
☐ YES   ☒ NO

**IS THIS A PROFESSIONAL MALPRACTICE CASE?**   ☒ YES   ☐ No

IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?**
☐ Yes   ☒ No

IF YES, LIST DOCKET NUMBERS

**DO YOU ANTICIPATE ADDING ANY PARTIES**
(arising out of same transaction or occurrence)?
☐ YES   ☒ No

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY** (if known)
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?**
☐ YES   ☒ No

**IF YES, IS THAT RELATIONSHIP:**
☐ EMPLOYER/EMPLOYEE
☐ FAMILIAL
☐ FRIEND/NEIGHBOR
☐ BUSINESS
☐ OTHER (explain)

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?**   ☐ Yes   ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?**
☐ YES   ☒ No

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

**WILL AN INTERPRETER BE NEEDED?**
☐ Yes   ☒ No

IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

**ATTORNEY SIGNATURE:**



| Side 2 |
|---|

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**   ☐ Putative Class Action   ☐ Title 59

ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

COURT TELEPHONE NO. (609) 345-6700          TRACK ASSIGNMENT NOTICE
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   MARCH 12, 2015
                          RE:     KRANTZ MARTIN  VS  LINWOOD CARE CENTER
                          DOCKET: ATL L -000615 15

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES P. SAVIO

   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM   002
AT:   (609) 594-3373.

   IF YOU BELIEVE THAT THIS TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                          ATTENTION:
                                    PELLETTIERI RABSTEIN & ALTMAN
                                    100 NASSAU PARK BLVD
                                    CN 5301
                                    PRINCETON      NJ 08543

JUFKY